**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Junies A. Jenkins,<br><br>    Plaintiff,<br><br>vs.<br><br>Susan R. Bolton, et al.,<br><br>    Defendants. | No. CV 11-2046-PHX-RCB (DKD)<br><br>**ORDER** |

Plaintiff Junies A. Jenkins, an inmate in the Arizona Department of Corrections (ADC), filed a complaint in Maricopa County Superior Court, matter No. CV2011-014660, alleging claims pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1983 and 1985.[1] (Doc. 1.) On October 20, 2011, the United States removed the Complaint to federal court on behalf of U.S. District Court Judges Bolton, Teilborg, Bury, and Rosenblatt, who were each named as Defendants. (Id.) Defendants Bolton, Teilborg, Bury, and Rosenblatt filed an Answer. (Doc. 5.) They have also filed a motion to dismiss. (Doc. 12.) Plaintiff has filed several notices. (Doc. 6-11.) The Court

---

[1] As noted below, Plaintiff has had accumulated at least three strikes pursuant to 28 U.S.C. § 1915(b) for cases dismissed as frivolous, malicious, or failing to state a claim. See Jenkins v. Veliz, No. CV 95-0142-TUC-RMB (D. Ariz. June 21, 1995) (doc. 13); Jenkins v. Veliz, CV 95-0711-TUC-RMB (SLV) (D. Ariz. December 19, 1995) (doc. 3); Jenkins v. Bohland, CV 06-938-PHX-SRB (DKD) (D. Ariz. July 17, 2006) (doc. 12); Jenkins v. Marlowe, CV 06-0160-TUC-DCB (D. Ariz. Oct. 17, 2006) (doc. 5).

will dismiss the Complaint and this action without leave to amend and deny the motion to dismiss as moot.

## I. Removal to Federal Court was Proper

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. §1441(a). That is, a civil action that could have originally been brought in federal court may be removed from state to federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Complaint in this case facially supports that subject matter jurisdiction exists in federal court because Plaintiff alleges violations of his federal constitutional rights against federal employees. 28 U.S.C. §§ 1441, 1442. Further, Defendants removed the action from state court within 30 days after the case became removable. 28 U.S.C. § 1446(b). The Court concludes that this case was properly removed.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

1        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

       If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). In this case, the Court concludes that deficiencies in the Complaint can not be cured by the allegation of other facts. Accordingly, the Complaint and this action will be dismissed without leave to amend.

**III.    Complaint**

       The gist of Plaintiff's Complaint in this case is that he has been denied "a fair adjudication of the legality of [his] conviction and sentence" and that Defendants Bolton, Teilborg, Bury, and Rosenblatt conspired to interfere with Plaintiff's ability to obtain relief from his conviction and sentence. (Doc. 1, Complaint at 11.) Plaintiff sues Bolton, Teilborg, Bury and Rosenblatt as well as Catherine Bohland, an Assistant Arizona Attorney General who represented two defendants in one of Plaintiff's prior cases, Jenkins v. Clemenshaw, No.

1 | CV04-2771-PHX-SRB.

*Background*

Plaintiff was convicted by a jury of child molestation and attempted child molestation in Pima County Superior Court in 1987 and was sentenced to 28 years in prison, case# CR0019898. See State v. Jenkins, No. 2 CA-CR 2010-0119-PR, 2010 WL 2803623, at *1 (Ariz. Ct. App. July 16, 2010). His conviction was affirmed on direct appeal in 1988. Id. (citing State v. Jenkins, No. 2 CA-CR 87-0605 (Ariz. Ct. App. Nov. 10, 1988)). Plaintiff has filed numerous state court challenges to his conviction and sentence, including complaints of judicial misconduct. See id.; see also State v. Jenkins, No. 2 CA-CR 2009-0200-PR, 2009 WL 4345271, at *1 (Ariz. Ct. App. Dec. 1, 2009) (citing cases).

Except as otherwise indicated, Plaintiff alleges the following in his Complaint: he submitted his first petition for a writ of habeas corpus in 1994, which was assigned to District Judge Bilby, Jenkins v. Crist, No. CV93-0294-TUC-RMB. On March 3, 1994, Judge Bilby dismissed the petition, apparently because it contained exhausted and unexhausted claims, i.e., it was a mixed petition. (Doc. 1, Complaint at 17.) Plaintiff did not appeal. (Id.) Rather, Plaintiff filed a civil rights case, Jenkins v. Veliz, No. CV95-0142-TUC-RMB, in which he raised claims against Deputy Pima County Attorney Joelyn Marlowe, Pima County Superior Court Judge Gilbert Veliz, and others involved in his state criminal proceedings. On July 17, 1995, Judge Bilby dismissed the action but granted Plaintiff's motion to file an amended petition as an original petition in a new habeas case. CV95-0142, doc. 17. The amended petition was filed as an original petition in Jenkins v. Crist, No. CV95-0459-TUC-RHW.[2] After amending the petition in that case, an answer was ordered and, on August 17,

---

[2] Although this case was initially assigned to Judge Bilby, it was reassigned to Judge Whaley following Judge Bilby's death.

1999, Judge Whaley denied habeas relief with prejudice.[3] CV95-0459, doc. 44. Plaintiff appealed but was denied a certificate of appealability by Judge Whaley and the Ninth Circuit. Id., doc. 46, 47.

While Plaintiff's habeas case, CV95-0459, was pending, Plaintiff commenced a new civil rights cases, Jenkins v. Veliz, No. CV95-0711-TUC-RMB, in which Plaintiff sued Pima County Superior Court Judge Veliz, who apparently presided at Plaintiff's criminal trial.[4] On December 18, 1995, Judge Bilby dismissed the case pursuant to Heck v. Humphrey and judgment was entered.[5] See CV95-0711, doc. 3, 4. Plaintiff did not appeal. Id.

In 2004, Plaintiff commenced a civil rights action against prison officials. See Jenkins v. Clemenshaw, No. CV04-2771-PHX-SRB. Service of an amended complaint, and response to Plaintiff's claim that prison officials had failed to protect him from an assault by other inmates, was ordered on various defendants. See id., doc. 23. Two of those defendants were represented by Arizona Assistant Attorney General Catherine Bohland. Id. Judge Bolton denied a motion to dismiss filed by Bohland on behalf of her clients, id., doc. 48, but on January 26, 2007, Judge Bolton granted defendants' motion for summary judgment. Id., doc.

---

[3] Plaintiff alleges that he "missed" the amendments to 28 U.S.C. § 2254 enacted in 1996 pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), which would have overturned his conviction and sentence. (Doc. 1, Complaint at 19.) Under AEDPA, a petitioner may not file a second or successive § 2254 petition in the district court unless the petitioner has obtained a certification from the Ninth Circuit Court of Appeals authorizing the district court to consider the second or subsequent § 2254 petition. 28 U.S.C. § 2244. A habeas petition is "'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (*per curiam*). It does not appear that Plaintiff has ever sought authorization from the Ninth Circuit to file a second or successive petition.

[4] Plaintiff commenced a second civil rights case, Jenkins v. Shaw, No. CV95-1824-PHX-WPC, in which the defendant was served and subsequently granted summary judgment. See CV95-1854, doc. 66.

[5] Plaintiff acknowledges that he did not understand the ruling, but he did not file a motion for reconsideration or clarification. (Doc. 1, Complaint at 18; see docket, CV95-0711.)

95. Paintiff appealed. Id., doc. 96. Judge Bolton certified that the appeal was not taken in good faith because Plaintiff had failed to present any evidence of deliberate indifference to his safety in opposition to summary judgment. Id., doc. 99. On review, the Ninth Circuit agreed that Plaintiff's appeal was not taken in good faith and that he was not entitled to proceed *in forma pauperis* on appeal, but granted Plaintiff time to pay the filing fee. Id., doc. 10. Plaintiff's appeal was dismissed for failure to prosecute. Id., doc. 103.

In 2006, Plaintiff commenced another civil rights action against Deputy Pima County Attorney Marlowe, Judge Veliz, criminal defense counsel Ralph Malanga, and others involved in his criminal case. See Jenkins v. Marlowe, No. CV06-0160-TUC-DCB. On October 17, 2006, Judge Bury dismissed Plaintiff's amended complaint for failure to state a legally cognizable claim for relief without leave to amend. Id., doc. 5. Plaintiff filed motions for reconsideration, which were denied. Id., doc. 8-11, 13. Plaintiff timely appealed the denial of reconsideration. Id., doc. 14, 17. The Ninth Circuit affirmed the denial of reconsideration. Id., doc. 20.

In the current case, Plaintiff seeks relief from the judgment entered in CV95-0459 denying his petition for habeas corpus. He also seeks relief from the judgments entered in CV95-0711, CV06-0160, CV09-0301, and CV04-2771. With respect to CV06-0160 and CV09-301, Plaintiff asserts that Judge Bury denied relief due to personal bias, prejudice, and discrimination based on Plaintiff's "alleged sexual preference." (Doc. 1, Complaint at 23-24, 25.) Plaintiff makes similar assertions against Judge Bolton in connection with CV04-2771.[6] (Id. at 25-29.)

Plaintiff also purports to seek to consolidate six of his closed cases: Jenkins v.

---

[6] Plaintiff in part claims that Judge Bolton issued rulings favorable to him until Attorney Bohland stated in a motion that Plaintiff had been convicted of child molestation. (Id. at 27-28.) Bohland described Plaintiff's conviction in her motion to dismiss for failure to exhaust. Judge Bolton denied that motion. CV04-2771, doc. 25 at 2. Thus, the record does not reflect or support that Judge Bolton ruled adversely to Plaintiff as a consequence of learning of his crime of conviction.

- 6 -

Bohland, No. CV06-0938-PHX-SRB; Jenkins v. Arizona Dep't of Corr., No. CV06-1820-PHX-SRB; Jenkins v. Schriro, No. CV08-1674-PHX-SRB; Jenkins v. Bolton, No. CV08-2103-PHX-PGR; Jenkins v. U.S. of America, No. CV09-0533-PHX-SRB; and Jenkins v. State of Arizona, No. CV09-1204-PHX-SRB. The five cases assigned to Judge Bolton were dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff had accumulated three strikes and did not allege an imminent risk of serious physical harm.[7] Judge Rosenblatt dismissed the sixth case, in which Plaintiff sued Judges Bolton and Teilborg and Attorney Bohland, also pursuant to 28 U.S.C. 1915(g). Plaintiff denies the validity of the strikes assessed against him and contends that the dismissals are somehow suspect, which he claims permits consolidation of these closed cases into a new open action. (Doc. 1, Complaint at 30.) He contends that Judges Bury, Rosenblatt, and Bolton have abused their authority and obstructed justice.[8] (Id.) Plaintiff asserts that he is seeking relief for violations of his First and Fourteenth Amendment rights based on the Defendants' alleged failures to equally and impartially apply state law to his situation and violation of his Eighth Amendment rights based on threats to his safety during his incarceration, which was at issue in CV04-2771. (Id. at 11, 32.) Plaintiff also appears to assert state law claims against the Defendants. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

## III. Failure to State a Federal Claim Against the Federal Defendants

Plaintiff in part asserts claims against the federal Defendants pursuant to Bivens and

---

[7] Judge Teilborg dismissed CV06-1820, doc. 3, based on Plaintiff's accumulation of three strikes pursuant to 28 U.S.C. § 1915(g) without alleging an imminent risk of serious physical harm.

[8] Plaintiff seeks sanctions against Judge Teilborg for "instigat[ing] the "§ 1915(g) plot to deprive [him] of his . . . right of access to the court, by and through informing Judge S.R. Bolton of Judge D.C. Bury's alleged two (2) 'strikes' in writing, and suggested she make good use of them in the future." (Id. at 31.)

42 U.S.C. § 1985.[9] To state a claim under Bivens, a plaintiff must allege that persons acting under color of federal law violated his constitutional rights. Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (citing Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991)). Thus, an action under Bivens is identical to one brought pursuant to 42 U.S.C. § 1983 except for the replacement of a state actor under § 1983 by a federal actor under Bivens. Id. However, a Bivens claim may only be maintained against officials acting under color of federal law in their individual capacities. See FDIC v. Meyer, 510 U.S. 471, 486 (1994) (federal agencies are not proper defendants in a Bivens action); Myers v. U.S. Marshals Serv., No. CV10-2662, 2011 WL 671998, at *2 (S.D. Cal. Feb. 15, 2011). Sovereign immunity prevents Bivens-type actions against the United States, its agencies, or its employees in their official capacities. Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1984); Holloman v. Watt, 708 F.2d 1399, 1401-02 (9th Cir. 1983).

Plaintiff's Bivens claims against Judges Bolton, Bury, Teilborg, and Rosenblatt will be dismissed for two reasons. First, Plaintiff may not collaterally challenge orders or judgments entered in a previous case by bringing a new action. Rather, an appeal or other relief must be sought in the original case. 28 U.S.C. § 1291; see Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000) ("A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time, standardly 30 days, for

---

[9] Plaintiff also refers to the Civil Rights of Institutionalized Person Act of 1980 or CRIPA. "CRIPA authorizes the United States Attorney General to institute civil actions against states, as well as various state entities, officials, and employees, for violating the constitutional rights of individuals residing in or confined to an institution within that state [but] CRIPA does not authorize a private right of action." Boyd v. Stern, No. CV06-360, 2007 WL 1292148, at *8 (W.D. Wash. May 2, 2007) (citing McRorie v. Shimoda, 795 F.2d 780, 782, n.3 (9th Cir. 1986) and Cooper v. Sumner, 672 F.Supp. 1361, 1367 (D. Nev. 1987)); see McRorie, 795 F.2d at 782, n.3 (citing 42 U.S.C. § 1997j); O'Haire v. Napa State Hosp., No. C07-0002, 2009 WL 2447752, at *5 (N.D. Cal. Aug. 7, 2009); Laing v. Kulongoski, No. CV08-1274, 2009 WL 1067044, at *1 (D. Or. Apr. 20, 2009) (citing McRorie). Accordingly, Plaintiff's Complaint will be dismissed to the extent that he asserts a claim under CRIPA.

appealing the judgment of a federal district court."); <u>Mitchell v. City of Los Angeles</u>, 753 F.2d 86, 87 (9th Cir. 1984) (failure to appeal order dismissing earlier case may not be collaterally attacked); <u>see also</u> <u>Fleury v. Clayton</u>, 847 F.2d 1229, 1233 (7th Cir. 1988) ("The Due Process Clause does not authorize collateral attacks on civil judgments[.]").

Second, Judges Bolton, Bury, Teilborg, and Rosenblatt are absolutely immune from suit for judicial acts such as rulings in Plaintiff's cases. As the Ninth Circuit has explained:

> Anglo-American common law has long recognized judicial immunity, a "sweeping form of immunity" for acts performed by judges that relate to the "judicial process." <u>Forrester v. White</u>, 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, <u>Forrester</u>, 484 U.S. at 227-28, 108 S.Ct. 538, or when the exercise of judicial authority is "flawed by the commission of grave procedural errors." <u>Stump v. Sparkman</u>, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). *Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of "appellate procedures as the standard system for correcting judicial error."* <u>Forrester</u>, 484 U.S. at 225, 108 S.Ct. 538. "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review." <u>Id.</u>

<u>In re Castillo</u>, 297 F.3d 940, 947 (9th Cir. 2002) (emphasis added); <u>FutureSource LLC v. Reuters Ltd.</u>, 312 F.3d 281, 286 (7th Cir. 2002); <u>Evans v. Pugrud</u>, No. CV-08-36-BU-RFC-CSO, 2008 WL 2595010 at *2 (D. Mont. May 23, 2008) ("[j]udicial immunity applies not only to lawsuits for damages, but also to lawsuits seeking declaratory, injunctive, and other forms of equitable relief."). Because the only basis for relief pursuant to <u>Bivens</u> asserted by Plaintiff against these Defendants are their rulings in his previous cases, these Defendants are entitled to absolute judicial immunity as to any <u>Bivens</u> claim against them.

Plaintiff also purports to seek relief against the federal Defendants pursuant to 42 U.S.C. § 1985. As with a <u>Bivens</u> claim, sovereign immunity bars suits against federal officers acting in their official capacity for alleged conspiracy to interfere with civil rights or failure to prevent deprivation of civil rights. <u>See</u> <u>Davis v. United States</u>, 204 F.3d 723, 726 (7th Cir. 2000). In addition, as with <u>Bivens</u>, the federal Defendants are entitled to absolute judicial immunity as to such claims, which are predicated solely their on judicial

acts. Van Sickle v. Holloway, 791 F.2d 1431, 1435-36 (10th Cir. 1986), accord Yandal v. City of Mayfield, No. 1:10CVP92, 2010 WL 4638864, at *3 (W.D. Ky. Nov. 5, 2010); see Boruski v. Stewart, 381 F. Supp. 529, 534 (S.D.N.Y. 1974); Smallwood v. United States, 358 F.Supp. 398. 403-404 (E.D. Mo. 1973). For the reasons discussed, Plaintiff's federal claims against the federal Defendants will be dismissed.

## IV. Federal Claims Against Bohland

Plaintiff asserts violations of 42 U.S.C. §§ 1983 and 1985 against Attorney Bohland.[10] However, he fails to state a claim against her under either section.

Plaintiff has repeatedly sued Bohland based on her representation, as an assistant attorney general, of clients in CV04-2771. See Jenkins v. Valiz, No. CV10-0746-PHX-SRB, doc. 1 at 13, 15-16; Jenkins v. State of Arizona, No. CV09-1204-PHX-SRB, doc. 3 at 2A, 5; Jenkins v. Schriro, CV08-2103-PHX-PGR, doc. 1; Jenkins v. Bohland, No. CV06-00938-PHX-SRB, doc. 1 at 2, 3.[11] Specifically, Plaintiff has sued Bohland based on a statement included in a motion to dismiss filed by her in CV04-2771: "Jenkins is a convicted felon

---

[10] To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim under § 1985 for obstruction of justice or conspiracy to deprive a person of equal protection, a plaintiff must allege facts to support that he suffered discrimination based upon his race. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir. 2002). Plaintiff does not allege any facts to support discrimination or a conspiracy against him motivated by his race. Instead, he alleges discrimination against "alleged convicted sex-offenders." (Doc. 1, Complaint at 8.) Convicted sex offenders do not constitute a suspect class. Hydrick v. Hunter, 466 F.3d 676, 700 (9th Cir. 2006); see also Rodriguez v. Cook, 169 F.3d 1176, 1179 (9th Cir. 1999) (indigent inmates are not a suspect class).

[11] CV06-0938 was initially assigned to Judge Teilborg and subsequently reassigned to Judge Bolton pursuant to Rule 3.4(b) of the Local Rules of Civil Procedure.

- 10 -

1  serving a twenty-three (23) [sic] year sentence for Molestation of a Child, a class 2 repetitive
2  felony and dangerous crime against a child." CV04-2771, doc. 25 at 2. Plaintiff may not
3  collaterally attack conduct of a prior case in a subsequent action. Rather, an appeal or other
4  relief must be sought in the original case. 28 U.S.C. § 1291; see Bell, 214 F.3d at 801;
5  Mitchell, 753 F.2d at 87; see also Fleury, 847 F.2d at 1233. Because Plaintiff predicates his
6  federal claims against Bohland on her representation of defendants in one of Plaintiff's prior
7  cases, he fails to state a federal claim against her.

## V. Failure to State a State Law Claim

Plaintiff also asserts state law claims for exploitation of a vulnerable adult, apparently referring to himself, in violation of Arizona Revised Statutes (ARS) §§ 46-455 and 14-5101. Section 14-5101 provides definitions for terms used in Chapter 5 of Title 14, which concerns the protection of persons under disability and subject to protective proceedings or guardianships. See ARS § 14-5102. Plaintiff does not allege that he is or has ever been subject to protective proceedings or a guardianship, nor does he allege that any Defendant has had any involvement in such proceedings concerning him.

Section 46-455 is part of Chapter 4 of Title 46, which concerns adult protective services. Section 46-455 makes it a class 5 felony for a person who provides care to a vulnerable adult to endanger the vulnerable adult's life and provides a private cause of action against any person or enterprise that has been employed to provide care to a vulnerable adult. ARS § 46-455(a), (b). Plaintiff does not allege that any of the Defendants was employed to provide care to him, assuming that he is or was a vulnerable adult within the meaning of the statute. As discussed herein, the federal Defendants presided over various of Plaintiff's prior lawsuits and Bohland defended state employees in one of the lawsuits. Those facts do not give rise to a state law claim under ARS § 46-455.

## VI. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim or to even allege facts that could plausibly give rise to a claim for violation of his federal rights in his Complaint, the Complaint will be

dismissed without leave to amend. As discussed above, Plaintiff cannot amend his Complaint to state a claim against the federal Defendants, who are each entitled to absolute judicial immunity with respect to their rulings in Plaintiff's previous cases. Plaintiff also cannot state a claim against Bohland in this action concerning statements included in a motion she filed on behalf of her clients, whom Plaintiff sued in a prior case. Accordingly, Plaintiff will also be denied leave to amend as to Bohland.

**IT IS ORDERED:**

(1) The Complaint and this action are **dismissed** for failure to state a claim without leave to amend. (Doc. 1.)

(2) Defendants' motion to dismiss is **denied** as moot. (Doc. 12.)

(3) The Clerk of Court must enter judgment accordingly.

(4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 8th day of December, 2011.

Robert C. Broomfield
Senior United States District Judge