**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Junies A. Jenkins, | No. CV 11-2046-PHX-RCB (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Susan R. Bolton, et al., | |
| Defendants. | |

Plaintiff Junies A. Jenkins, an inmate in the Arizona Department of Corrections (ADC), filed a complaint in Maricopa County Superior Court, matter No. CV2011-014660, alleging claims pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1983 and 1985.[1] (Doc. 1.) On October 20, 2011, the United States removed the Complaint to federal court on behalf of U.S. District Court Judges Bolton, Teilborg, Bury, and Rosenblatt, who were each named as Defendants. (Id.) In an Order filed on December 9, 2011, the Court dismissed the Complaint and this action without leave to amend. (Doc. 14.) Apparently prior to receiving a copy of that Order, Plaintiff filed two documents captioned as "Petition for Reconsideration Petition for Court Order" and "Motion to Joinder by Supplimental [sic] Amendment Pleading." (Doc. 17-19.) On December 23,

---

[1] As noted previously, Plaintiff has accumulated at least three strikes pursuant to 28 U.S.C. § 1915(b) for cases dismissed as frivolous, malicious, or failing to state a claim. See Jenkins v. Veliz, No. CV 95-0142-TUC-RMB (D. Ariz. June 21, 1995) (doc. 13); Jenkins v. Veliz, CV 95-0711-TUC-RMB (SLV) (D. Ariz. December 19, 1995) (doc. 3); Jenkins v. Bohland, CV 06-938-PHX-SRB (DKD) (D. Ariz. July 17, 2006) (doc. 12); Jenkins v. Marlowe, CV 06-0160-TUC-DCB (D. Ariz. Oct. 17, 2006) (doc. 5).

2011, apparently after receiving a copy of the December 9, 2011 Order, Plaintiff filed a "Notice of Appreciation" regarding the dismissal of this action. (Doc. 19.) To the extent that any relief is sought in any of these filings, such relief will be denied.

In the motion for reconsideration, Plaintiff asks the Court to order the Arizona Department of Corrections to provide copies of records and opposes a motion to dismiss filed by the Defendants, which was denied as moot. Plaintiff attaches copies of requests to ADC officials seeking copies of his mental health records.

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

In his Complaint, Plaintiff in part attempted state law claims for exploitation of a vulnerable adult, apparently referring to himself, in violation of Arizona Revised Statutes (ARS) §§ 46-455 and 14-5101. Because Plaintiff failed to state a claim or to even allege facts that could plausibly give rise to a claim for violation of his federal rights in his Complaint, the Complaint was dismissed without leave to amend. Even if the attachments to the current motion were arguably relevant to Plaintiff's state law claims, they are not relevant to his federal claims and they afford no basis for reconsideration. Otherwise, Plaintiff has not alleged or shown that the Court committed clear error or that it's prior ruling was manifestly unjust. Plaintiff also has not alleged or shown an intervening change in controlling law. Accordingly, Plaintiff's motion for reconsideration will be denied.

Plaintiff has also filed a motion for joinder, in which he seeks to add a Defendant to

this case. That motion will be denied as moot.

**IT IS ORDERED** that Plaintiff's motions for reconsideration and joinder and his Notice of Appreciation are **denied** to the extent that any relief is sought therein. (Doc. 17-19.)

DATED this 13th day of January, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

- 3 -